UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILES E. HOISINGTON, JR.,

               Plaintiff,

-against-

WCAX-TV,

               Defendant.

1:24-CV-4560 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Miles E. Hoisington, Jr., an attorney admitted to this court, filed this *pro se* action asserting claims under 42 U.S.C. § 1983 and under state law seeking damages and injunctive relief.[1] Plaintiff alleges that he resides in New Hampshire, practices law in New York City, within this judicial district, and "is currently on sabbatical in Vermont." (ECF 1, at 1.) He sues WCAX-TV, which he describes as "a for-profit corporation organized and existing under the laws of, and having its principal place of business in, the State of Vermont." (*Id.*) For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the District of Vermont.

## DISCUSSION

    Under the appropriate venue provision for Plaintiff's claims, this action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Because Plaintiff is an attorney, he is not entitled to the special solicitude that the Court normally extends to non-attorney *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity "with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

Because Plaintiff alleges that WCAX-TV is "a for-profit corporation organized and existing under the laws of, and having its principal place of business in, the State of Vermont" (ECF 1, at 1), it is clear that WCAX-TV resides, for venue purposes, in the District of Vermont, *see* 28 U.S.C. § 126 (the State of Vermont constitutes one federal judicial district). In addition, because Plaintiff alleges that WCAX-TV published false and defamatory information about him on its website that is available worldwide and that is the basis for his claims in this action, it is possible that this court has personal jurisdiction as to WCAX-TV with respect to that publishing. Thus, for venue purposes, WCAX-TV may reside within this judicial district. *See* § 1391(c)(2), (d); *see also ICG Am., Inc. v. Wine of the Month Club, Inc.*, No. 3:09-CV-0133, 2009 WL 2843261, at *4 (D. Conn. Aug. 28, 2009) ("Interactive, commercial websites permit personal jurisdiction to be exercised over a defendant."). Accordingly, under Section 1391(b)(1), the

---

[2] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

United States District Court for the District of Vermont and, perhaps, this court, are proper venues for this action.

Plaintiff alleges that, "[i]n or about mid-June 2019[,] [WCAX-TV] broadcast a false news story on its licensed television station . . . in Vermont [about him]." (ECF 1, at 1.) He also alleges that his "law practice has suffered, and continues to suffer, from this 'story' being broadcast on [the defendant's] site on the internet." (*Id.* at 2.) Plaintiff further alleges that this judicial district, the Southern District of New York, is where he practices law and where he was damaged by [WCAX-TV.]" (*Id.* at 1.) Moreover, he alleges that "[t]here is no telling just how many lucrative cases [he] ha[s] lost because [the defendant] has NEVER set the record straight." (*Id.* at 2) (emphasis in original).

Because Plaintiff alleges that he was damaged within this judicial district, it is possible that a substantial portion of the events or omissions giving rise to his claims occurred within this judicial district, making this court a proper venue for this action under Section 1391(b)(2). In addition, because Plaintiff alleges that he resides in New Hampshire and is currently on sabbatical in Vermont, and seems to allege that WCAX-TV has broadcasted and transmitted the allegedly false information at issue from Vermont (*see id.* at 1-2), it would appear that, under Section 1391(b)(2), the United States District Courts for the Districts of Vermont and New Hampshire[3] are also proper venues for this action.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a district court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

---

[3] The State of New Hampshire constitutes one federal judicial district. *See* 28 U.S.C. § 109.

determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the District of Vermont is appropriate for this action. WCAX-TV resides within the District of Vermont and Plaintiff, who is currently on sabbatical within that judicial district, seems to allege that a significant portion of the alleged events – WCAX-TV's broadcast and transmission of the allegedly false information at issue – emanated from that judicial district. In addition, it is reasonable to expect that relevant documents and witnesses would be located in that judicial district. The United States District Court for the District of Vermont appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court in the interest of justice. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Vermont. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted

4

to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 20, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge