UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MILES E. HOISINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-749 |
| ) | |
| WCAX-TV, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ORDER REGARDING CURRENT MAILING ADDRESS, FILING FEE OR APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND SIGNING PLEADINGS

A review of the docket in this case reveals the following:

1. On June 13, 2024, Plaintiff Miles E. Hoisington, Jr., a New Hampshire resident "on sabbatical in Vermont" representing himself, filed a Complaint in the District Court for the Southern District of New York ("SDNY") against Defendant WCAX-TV. (Doc. 1 at 1.)

2. On June 20, 2024, SDNY transferred the action to this court because venue lies here, and this court is a more convenient forum. That court further noted, "Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to the made by the transferee court." (Doc. 2 at 4-5.)

3. On July 9, 2024, the case was received in this court. That same day, the court issued an Entry Order directing Plaintiff to submit the required filing fee or a completed application to proceed *in forma pauperis* ("IFP") no later than August 2, 2024. Plaintiff was warned that, should he "fail to comply with this Order, [his] case shall be dismissed without prejudice." (Doc. 4 at 2.)

4. On July 15, 2024, Plaintiff filed a proposed Amended Complaint; however, the pleading is not signed. (Doc. 5.)

5. On August 1, 2024, the Clerk's letter to Plaintiff regarding the omitted signature was returned as undeliverable.

6. On August 6, 2024, the copy of the July 9 Entry Order sent to Plaintiff was returned as undeliverable.

7. On August 13, 2024, Plaintiff filed a proposed Amended Complaint signed by Steven Bradbury. (Doc. 7.)

8. No further filings have been received as of the date of this Order.

Federal law requires a fee for parties seeking to institute "any civil action, suit or proceeding" in federal district court. *See* 28 U.S.C. § 1914(a). Additionally, the Federal Rules of Civil Procedure require that "[e]very pleading . . . be signed by at least one attorney of record in the attorney's name[] or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*

Pursuant to the court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which a court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). A party also has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]").

Plaintiff is hereby ORDERED: (1) to provide the court with a current mailing address as required by Local Rule 11(c); and (2) to submit the required filing fee for the case or a completed IFP application. Should Plaintiff comply with this Order and wish the court to consider a proposed Amended Complaint, he must also correct the omission of his signature or, if Mr. Bradbury is an attorney, Mr. Bradbury must enter an appearance in the case. If Mr. Bradbury is not an attorney, he cannot represent Plaintiff in this matter as that constitutes unauthorized practice of law. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks omitted).

**If Plaintiff fails to respond to this Order on or before September 26, 2024, this case shall be dismissed without prejudice.** *See* Fed. R. Civ. P. 41(b) (authorizing dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order").

The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th day of September, 2024.

Christina Reiss, Chief Judge
United States District Court