U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 OCT -9 AM 7:39

BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MILES E. HOISINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-749 |
| ) | |
| WCAX-TV, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ORDER
DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA
PAUPERIS* AND FINAL NOTICE REGARDING UNSIGNED PLEADINGS**
(Doc. 10)

On October 1, 2024, Plaintiff Miles E. Hoisington, Jr. filed an application for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. He seeks to file an action against Defendant WCAX-TV without paying the required filing fee.

**I.   Procedural History**

On June 13, 2024, Plaintiff, a New Hampshire resident "on sabbatical in Vermont" and representing himself, filed a Complaint in the District Court for the Southern District of New York ("SDNY") against WCAX-TV.[1] (Doc. 1 at 1.) The Complaint does not contain an original signature. On June 20, 2024, SDNY transferred the action to this court because venue lies here and this court is a more convenient forum. That court further noted: "Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court." (Doc. 2 at 4-5.)

On July 9, 2024, the case was received in this court. On that same day, the court issued an Entry Order directing Plaintiff to submit the required filing fee for the case or a

---

[1] On July 17, 2024, Mr. Hoisington filed another case in SDNY that was transferred to this court. *See Hoisington v. R.L. Vallee, Inc.*, No. 2:24-cv-951 (D. Vt. July 17, 2024). In that case, he claims to be a New York resident "on sabbatical in Vermont." *Id.* (Doc. 1 at 3).

completed application to proceed IFP no later than August 2, 2024. Plaintiff was warned that, should he "fail to comply with this Order, [his] case shall be dismissed without prejudice." (Doc. 4 at 2.)

On July 15, 2024, Plaintiff filed an Amended Complaint; however, the pleading does not contain an original signature. (Doc. 5.) On August 1, 2024, the Clerk's letter to Plaintiff regarding the omitted signature was returned as undeliverable. On August 6, 2024, the copy of the July 9 Entry Order sent to Plaintiff was returned as undeliverable. On August 13, 2024, Plaintiff filed another Amended Complaint signed by Steven Bradbury. (Doc. 7.) There is no indication that Steven Bradbury is an attorney. In fact, a Steven P. Bradbury also filed a case pro se in SDNY that was transferred to this court. *See Bradbury v. City of Montpelier*, No. 2:24-cv-599 (D. Vt. May 30, 2024).

Following these events, on September 5, 2024, the court issued an Entry Order directing Plaintiff to provide the court with a current mailing address and submit the required filing fee or a completed IFP application no later than September 26, 2024. (Doc. 8.) Plaintiff was also advised that he must correct the omission of his signature or, if Mr. Bradbury is an attorney, that Mr. Bradbury must enter an appearance in the case. A copy of the Order was sent to Plaintiff at the address listed in his most recent case received by this court on August 28, 2024. *See Hoisington v. R.L. Vallee, Inc.*, No. 2:24-cv-951. On September 27, 2024, the copy of the September 5 Entry Order sent to Plaintiff was returned as undeliverable. On October 1, 2024, the court received Plaintiff's IFP Application, dated September 24, 2024.

## II.   28 U.S.C. § 1915(a)(1) Review.

When a plaintiff seeks leave to proceed IFP, the court must determine whether he or she has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). It is not necessary for a litigant to show that he or she is "absolutely destitute" to obtain the benefits of the statute. *Adkins v.*

*E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs would deprive him or her of the "necessities of life." *Id.* (internal quotation marks omitted); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("No party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Plaintiff submitted a short form application that includes financial questions to be answered under penalty of perjury to support the application. In the income section, Plaintiff included an entry for Social Security pension income indicating that he receives $1,675 "net" per month during the past twelve months. (Doc. 10 at 1.) He states he has $13 in a checking or savings account and no other assets. He has no dependents or debts or other financial obligations. He also states he has no monthly expenses such as for "housing, transportation, utilities, or loan payments, or other regular monthly expenses[.]" *Id.* at 2.

Without the required information regarding Plaintiff's monthly expenses, the court cannot perform the required review of his application. Considering the information provided, it appears that Plaintiff has regular income and no expenses for a monthly surplus of $1,675. It is unlikely this is an accurate statement of Plaintiff's financial circumstances, particularly given his bank account balance of $13. However, based on the information provided, the court cannot find that paying the filing fee would jeopardize Plaintiff's ability to provide himself the necessities of life. *See Chapman v. Merch. Mart Props.*, 2007 WL 922258, at *2 (D. Vt. Mar. 23, 2007) (denying IFP status where plaintiff's "monthly expenses roughly equal[ed] her income" and she had $1000 in savings because she had "regular employment and savings well in excess of the filing fee").

Because the court cannot discern from Plaintiff's application that he satisfies the requirements of 28 U.S.C. § 1915(a)(1), his application for leave to proceed IFP is DENIED without prejudice to renew.

## III.  28 U.S.C. § 1915(e)(2) Review & Signature Requirement for Pleadings.

Even if Plaintiff were granted IFP status, under the IFP statute, the court must conduct an initial screening of the complaint. *See* 28 U.S.C. § 1915(e)(2). "[T]he court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure also require that "[e]very pleading . . . be signed by at least one attorney of record in the attorney's name[] or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).[2] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*

In this case, the court has twice advised Plaintiff he must sign his pleadings. He has failed to correct this deficiency. Rather than strike the most recent Amended Complaint, the court again informs Plaintiff that, should he reapply for IFP status, he must sign his complaint pursuant to Fed. R. Civ. P. 11 or Mr. Bradbury, if he is an attorney, must enter an appearance in the case, and sign the Amended Complaint on Plaintiff's behalf subject to Rule 11. If Mr. Bradbury is not an attorney, he cannot represent Plaintiff in this matter as that constitutes the unauthorized practice of law. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks omitted).

## CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's application to proceed *in forma pauperis* (Doc. 10) is DENIED WITHOUT PREJUDICE. Plaintiff may refile the application with an affidavit, or application signed under penalty of perjury, clearly stating his income, expenses,

---

[2] The Court's Pro Se Litigant Guide provides that the Complaint must contain an original signature.

4

assets, and liabilities.[3] **Failure to file an amended IFP Application, or to pay the filing fee of $405, on or before November 8, 2024, shall result in dismissal of the case without prejudice.**

If Plaintiff refiles an IFP Application or pays the filing fee, Plaintiff must also comply with the requirements for signing his Amended Complaint set forth above. **Failure to comply on or before November 8, 2024, will result in the striking of Plaintiff's pleadings in accordance with Rule 11.** In the absence of a properly signed Complaint, this case will be dismissed.

The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 8th day of October, 2024.

Christina Reiss, Chief Judge
United States District Court

---

[3] The clerk's office is again respectfully requested to send Plaintiff the court's form IFP Application and affidavit in support.