```
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF VERMONT
                                                           FILED

              UNITED STATES DISTRICT COURT          2024 NOV 18 PM 12: 25
                       FOR THE
                 DISTRICT OF VERMONT                          CLERK
                                                    BY _____law_____
                                                          DEPUTY CLERK
```

MILES E. HOISINGTON, JR.,            )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )    Case No. 2:24-cv-749
                                     )
WCAX-TV,                             )
                                     )
    Defendant.                       )

## ORDER OF DISMISSAL

A review of the docket in this case reveals the following:

1. On June 13, 2024, Plaintiff Miles E. Hoisington, Jr., a New Hampshire resident "on sabbatical in Vermont" representing himself, filed a Complaint in the District Court for the Southern District of New York ("SDNY") against Defendant WCAX-TV. (Doc. 1 at 1.)

2. On June 20, 2024, SDNY transferred the action to this court and noted, "Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court." (Doc. 2 at 4-5.)

3. On July 9, 2024, the case was received in this court. On that same day, the court issued an Entry Order directing Plaintiff to submit the required filing fee or a completed application to proceed *in forma pauperis* ("IFP") no later than August 2, 2024. Plaintiff was warned that, should he "fail to comply with this Order, [his] case shall be dismissed without prejudice." (Doc. 4 at 2.)

4. On July 15, 2024, Plaintiff filed a proposed Amended Complaint; however, the pleading was not signed. (Doc. 5.)

5. On August 1, 2024, the Clerk's letter to Plaintiff regarding the omitted signature was returned as undeliverable.

6. On August 6, 2024, the copy of the July 9 Entry Order sent to Plaintiff was returned as undeliverable.

7. On August 13, 2024, Plaintiff filed a proposed Amended Complaint signed by Steven Bradbury. (Doc. 7.)

8. On September 5, 2024, the court issued an Entry Order directing Plaintiff to provide the court with a current mailing address and submit the required filing fee for the case or a completed IFP application no later than September 26,

2024. (Doc. 8.) The court ordered Plaintiff to correct the omission of his signature on his Amended Complaint and advised he could not be represented by a non-attorney.

9. On September 27, 2024, the copy of the September 5 Entry Order sent to Plaintiff was returned as undeliverable.

10. On October 1, 2024, Plaintiff filed an IFP application. (Doc. 10.)

11. On October 9, 2024, the court issued an Entry Order denying the IFP application. Plaintiff was granted until November 8, 2024 to file an amended IFP Application or to pay the filing fee and warned that his failure to do so "shall result in dismissal" of his case. (Doc. 11 at 5.) Plaintiff was further provided a final notice regarding signing pleadings and warned that his deficient pleading would be stricken if he failed to comply with the requirements for signing his Amended Complaint by November 8, 2024.

12. The mailing of the October 9 Entry Order was not returned.

13. No further filings have been received as of the date of this Order.

Because Plaintiff has failed to comply with the requirements for signing his pleading set forth in the October 9 Entry Order, the Amended Complaint must be stricken in accordance with Fed. R. Civ. P. 11(a). *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."). In the absence of a properly signed Complaint, Plaintiff was warned his case would be dismissed. Additionally, Plaintiff has failed to respond to the court's October 9 Entry Order and has not paid the filing fee or refiled his IFP application. Therefore, this case is DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order").

The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of November, 2024.

Christina Reiss, Chief Judge
United States District Court

2